UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RAY HERMENITT,

              Petitioner,              Case No. 1:14-cv-127

v.                                              Honorable Robert J. Jonker

CARMEN PALMER,

              Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Timothy Ray Hermenitt presently is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory. Following a jury trial in Kent County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(f), and sentenced as a fourth habitual offender to a prison term of twenty-two to fifty years.

Petitioner appealed his judgment of conviction and sentence to the Michigan Court of Appeals which affirmed the judgment in a *per curiam* opinion entered on June 18, 2013. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on November 25, 2013. Petitioner timely filed the instant action raising the same ground for relief he raised in the courts of appeal:

> THE TRIAL COURT'S ALLOWANCE OF "OTHER ACTS" EVIDENCE FROM AN UNRELATED AND UNCHARGED INCIDENT ONE-YEAR EARLIER WAS AN ABUSE OF DISCRETION WHICH DENIED MR. HERMENITT HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL UNDER THE SIXTH AMENDMENT AND DUE PROCESS UNDER THE FOURTEENTHT AMENDMENT, AND CONST. 1963, ART. 1, § 17 AND 20 AND VIOLATED MRE 403 AND MRE 404(b).

(Br. in Support of Pet., docket #2, Page ID#11.)

**Discussion**

The Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA) "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated

pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent "at the time of the state-court adjudication on the merits." *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011); *Miller v. Stovall*, No. 12-2171, slip op. at 3 (6th Cir. Feb. 11, 2014) (citing *Greene*, 132 S. Ct. at 44).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent

but unreasonably applies it to the fact of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

**A.      Admission of Other Acts Evidence**

Petitioner contends that the trial court violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process when it admitted evidence regarding a July, 2010, uncharged sexual misconduct offense in which Petitioner was the alleged perpetrator. The trial

court admitted the evidence under MICH. R. EVID. 404(b) after concluding that the evidence "demonstrates that [Petitioner] operates under a similar plan or scheme in order to achieve 'sexual gratification' with 'unwilling participants.'" *People v. Hermenitt*, No. 309560, slip op. at 2 (Mich. Ct. App. June 18, 2013). Petitioner asserts that the trial court erred by admitting the evidence because it was highly prejudicial propensity evidence and the trial court's error in admitting the evidence was not harmless.

> The Michigan Court of Appeals rejected this claim as follows:
>
> We review for an abuse of discretion the trial court's decision to admit evidence. *People v McDaniel,* 469 Mich 409, 412; 670 NW2d 659 (2003). We will not reverse a conviction because of a trial court's evidentiary ruling unless "it is more probable than not that the error was outcome determinative." *People v Lukity,* 460 Mich 484, 496; 596 NW2d 607 (1999).
>
> "At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being admitted solely to demonstrate criminal propensity." *People v Martzke,* 251 Mich App 282, 289; 651 NW2d 490 (2002). MRE 404(b)(1) provides that
>
>> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.
>
> This Court uses the test articulated in *People v VanderVliet,* 444 Mich 52; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994), to determine whether the other acts evidence was admissible.
>
>> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value

> of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*Id.* at 55.]

Regarding whether the evidence was admitted for a proper purpose, "[i]n a sexual assault prosecution, evidence of prior acts is admissible under MRE 404(b) if it 'tend[s] to show a plan or scheme to orchestrate the events surrounding the rape of complainant so that she could not show nonconsent.'" *People v Gibson,* 219 Mich App 530, 533, 557 NW2d 141 (1996), quoting *People v Oliphant,* 399 Mich 472, 488, 250 NW2d 443 (1976). Thus, we conclude that the evidence in this case was offered for a proper purpose because the evidence was offered to show that defendant employed a common plan or scheme to orchestrate events surrounding the sexual assault that would negate the victim's claim of nonconsent.

In this case, defendant isolated both of his victims, assaulted them in scenarios where it would appear they might have consented, and used a similar defense to both of their claims of sexual assault. *Id.* For instance, with regard to the assault alleged in the other acts evidence, the prosecution presented evidence that defendant assaulted his victim after she invited him into her bedroom at 3:00 a.m. to talk. As for defendant's defense in that case, he told police officers that his victim initially consented to sexual contact, but later changed her mind and became upset. Defendant employed a similar method in the case at bar by taking advantage of another late-night scenario where it would appear the victim might have consented to sexual contact, and by claiming a similar defense. Specifically, the victim in the case at bar testified that she shared a drink with defendant late at night in her home before the assault occurred. Additionally, defendant asserted as his defense that the victim in the case at bar initially consented to his contact, but subsequently changed her mind and became upset. Thus, defendant took advantage of similar situations where it appeared that his victims might have consented to sexual contact, and then used the same defense to explain their subsequent claims against him. This demonstrates that defendant had a common plan or scheme for selecting the victim and in asserting a defense to her subsequent claims of nonconsensual contact.

We also find, under the second step in the *VanderVliet* analysis, that the other acts evidence was relevant because "[t]he fact that defendant employed a similar method and defense in a prior case is probative of whether he employed the same means in anticipation of using the same defense if accused [in the case at bar]." *Gibson,* 219 Mich App at 533. Here, because defendant previously employed a similar method of selecting his victim and a similar defense to claims of nonconsensual contact, the other acts evidence

was probative of whether he employed the method and defense in the case at bar to negate the victim's claims that she did not consent. *Id.* Furthermore, the evidence was particularly relevant because it responded to defendant's theory that the victim consented. See *People v Mardlin,* 487 Mich 609, 624; 790 NW2d 607 (2010) ("The defense theory in a case in part governs what evidence is logically relevant.").

Regarding the remaining prongs of the *VanderVliet* test, the other acts evidence was admissible because the danger of unfair prejudice did not substantially outweigh the probative value of the evidence under MRE 403, and because the trial court instructed the jury regarding how it was to consider the evidence. "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee,* 268 Mich App 600, 614; 709 NW2d 595 (2005). Here, the probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice because the other acts evidence was probative of defendant's common plan or scheme of taking advantage of a scenario where it would be difficult for his victims to prove that they did not consent. *Gibson,* 219 Mich App at 533. The evidence was also highly probative because it affected the victim's credibility. See *People v King,* 297 Mich App 465, 476; 824 NW2d 258 (2012). Moreover, the evidence was not unfairly prejudicial because the trial court instructed the jury that it could only consider the evidence for purposes of deciding whether defendant employed a common plan or scheme, and not for propensity purposes. "[A] limiting instruction . . . that cautions the jury not to infer that a defendant had a bad character and acted in accordance with that character can protect the defendant's right to a fair trial." *People v Magyar,* 250 Mich App 408, 416; 648 NW2d 215 (2002). "It is well established that jurors are presumed to follow their instructions." *People v Graves,* 458 Mich 476, 486; 581 NW2d 229 (1998). Therefore, the trial court did not abuse its discretion by admitting evidence of defendant's prior bad acts.

Moreover, we find that even if the trial court abused its discretion when it admitted the evidence, defendant is not entitled to relief because he cannot demonstrate that it was more probable than not that the admission of the other acts evidence was outcome determinative. The victim testified that defendant sexually assaulted her, and her testimony was all that was necessary to support defendant's conviction. MCL 750.520h; *People v Lemmon,* 456 Mich 625, 642–643 n. 22; 576 NW2d 129 (1998). Further, her testimony was largely unrebutted. Additionally, there was evidence to corroborate portions of the victim's testimony. Specifically, there was testimony that one of the injuries suffered by the victim was consistent with a nonconsensual sexual encounter.

*People v. Hermenitt*, slip op. at 2-4.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552.

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Petitioner has not met this difficult standard.

There is no clearly established Supreme Court precedent that holds that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts

evidence. In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. The Sixth Circuit has found that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512.

Because there was no constitutional violation in the admission of the evidence at issue here, the state court decision was "far from" an unreasonable determination of the facts in light of the evidence presented. *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001); *see also Bugh*, 329 F.3d at 512.

Furthermore, evidence that Petitioner was involved in a similar incident did not render his trial fundamentally unfair because the jury could have disregarded the evidence of Petitioner's prior acts and, nonetheless, found him guilty. As the state court found, even if the trial court erred in admitting the prior acts evidence, the evidence was not "outcome determinative." *Hermenitt*, slip op at 4. The jury could have found Petitioner guilty based solely on the victim's testimony. *See* MICH. COMP. LAWS §750.520h. Moreover, the victim's testimony was "largely unrebutted" and there was evidence to corroborate portions of her testimony, including testimony that one of her injuries was consistent with a nonconsensual sexual encounter. Further, the trial court

gave the jury a limiting instruction informing the jury "that it could only consider the evidence for purposes of deciding whether defendant employed a common plan or scheme, and not for propensity purposes." *Hermenitt*, slip op at 4. "[J]uries are presumed to follow their instructions." *Richardson v. Marsh,* 481 U.S. 200, 211 (1987). The admission of "other acts" evidence was not fundamentally unfair and did not deprive Petitioner of a fair trial. Accordingly, the state appellate court's conclusion that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts or in a decision that was contrary to Supreme Court precedent.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989)

(it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

                                                    /s/Robert J. Jonker
                                                 ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE

Dated: March 25, 2014